## DUBLIN GAS & ELECTRIC COMPANY v. DE ALVA FRAZIER.

### Decided May 4, 1907.

**1.—Personal Injuries—Evidence.**

In a suit for personal injuries it was not error to permit the attending physician to testify to statements by the injured party shortly after the injury as to what part of her body hurt her most, in reply to a question by him.

**2.—Same—Cause of Injury—Testimony.**

In a suit for personal injuries caused by a runaway team, it was not error to permit a witness who saw the occurrence to testify as to what caused the horses to run away.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*Templeton & Harding* and *Martin & George,* for appellant.— Declarations concerning the injuries and suffering, made to a physician by the injured party, to be admissible, must be involuntary expressions of present pain. Texas State Fair v. Marti, 5 Texas Ct. Rep., 689; Missouri, K. & T. Ry. v. Johnson, 4 Texas Ct. Rep., 612.

The court erred in permitting the plaintiff to introduce in evidence and read to the jury the answer and deposition of the witness Frank Mills to the third direct interrogatory, which answer is as follows: "A loose wire across the street caused the horses to run away." Because the witness had stated no facts upon which to base this statement, and this statement was only the opinion of the witness. Williams v. Davis, 56 Texas, 254; Harris v. Nations, 79 Texas, 409.

*Riddle & Keith,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee was driving along Camden Street in Dublin, Texas, when the top of her carriage unexpectedly came in contact with an overhanging wire, which frightened the horses she was driving and caused them to run away, dragging her from the carriage and inflicting on her severe and painful personal injuries, on account of which she recovered a verdict and judgment for twelve hundred and fifty dollars, from which this appeal is prosecuted.

*Conclusions.*—There was no error in permitting Doctor Adderhole to testify that while he was examining appellee's injuries, he asked her "what hurt her the worst, and she put her hand on her back and side and said that it hurt her worse than anything else." The appellee was injured late in the afternoon and this occurred that night just after the doctor had been summoned to examine and treat her.

Nor did the court err in permitting witness Frank Mills to testify that "a loose wire across the street caused the horses to run away." This witness saw the accident and could not have been mistaken as to what frightened the horses. On this point all the witnesses were agreed.

The verdict was clearly warranted by the evidence, the accident being due alone to the negligence of appellant in permitting one of its wires to obstruct travel on the street, its servant having just stretched the wire across the street, and being present when the accident occurred. The issue of contributory negligence was raised by the pleadings and submitted in the charge, but we doubt if it was raised by the evidence.

The charge, however, is criticised for placing the burden of proof on this issue on appellant, but when this paragraph of the charge is read in connection with the rest of the charge, and particularly in connection with the two paragraphs submitting the two phases of contributory negligence pleaded, it is not justly subject to criticism. Indeed, we doubt if appellant was entitled to have that issue submitted to the jury at all and are clear that the charge could not reasonably have misled the jury to the prejudice of appellant.

Nor did the court err in other paragraphs of the charge, nor in refusing special charges.

The amount of the verdict is complained of, but we find no evidence of excess. The judgment is therefore affirmed.

*Affirmed.*

Conner, Chief Justice, not sitting.

Writ of error refused.